**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

Shahnaz Simon                                    *
1200 Steuart Street #520
Baltimore, Maryland 21230

                                                 Case No.: <u>1:22-cv-01238-JKB</u>

       *Plaintiff*                                  *

Versus

Dick's Sporting Goods, Inc., etal
200 Industry Drive
Pittsburgh, Pennsylvania 15275                   *
*******************************************************************************************

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S**</u>
<u>**OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS**</u>

       Plaintiff Shahnaz Simon, by and through her undersigned counsel Governor E. Jackson,

III, hereby files this Memorandum of Law In Support of Plaintiff's Opposition to Defendant's

Partial Motion to Dismiss, and in furtherance of her Memorandum states as follows:

***Statement of the Case***

       Plaintiff Simon filed this action against the Defendants based on an incident occurring on

May 5, 2019 and May 6, 2019 at the Dick's Sporting Goods retail location in Ellicott City,

Maryland wherein she was denied the right to purchase a firearm from the store. During the

course of her denial, Defendant's agents, servants, and employees not only unloaded racist vitriol

at the Plaintiff during the course of the transaction, but failed to act in accordance with the

standard of care during the sale of a firearm and further failed to act in accordance with the

standard of care governing retail transactions involving members of the public.

1

As a result of Plaintiff's retail experience at the hands of the Defendant and their various breaches of the applicable standards of care and the grand scale of public humiliation associated with the sequence of events occurring before other members of the public, Plaintiff Simon sustained non-economic injury and damages such as anxiety, depression, post-traumatic stress disorder, weight loss, and anxiety-induced grand mal seizures.

**Standard of Review**

In ruling on a motion to dismiss, a court must construe in plaintiff's favor any well-pleaded factual allegations in the complaint. *See Finnegan v. Campeau Corp.,* 915 F.2d 824, 826 (2d Cir.1990), *cert. denied,* ___ U.S. ___, 111 S.Ct. 1624, 113 L.Ed.2d 721 (1991); *Aeronca, Inc. v. Gorin,* 561 F.Supp. 370, 375 (S.D.N.Y.1983). In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken. *Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2d Cir. June 27, 1991). Dismissal of the complaint is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 1941 (2009).

**Legal Argument**

**A.      Count II Shall Not Be Dismissed.**

As this Court is aware, the essential elements of a negligence claim are (1) the identification of a legal duty of the defendant to the plaintiff; (2) a breach of that duty; and (3)

injury to the plaintiff proximately caused by the breach. *Talley v. Danek Medical, Inc.*, 179 F. 3d 154 (4th Cir. 1999).`Duty' in negligence has been defined as `an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another.'.... There is no set formula for this determination. *See* W. Page Keaton, *Prosser and Keaton on The Law of Torts,* § 53, at 164 (5th ed.1984). As Dean Prosser noted, `duty is not sacrosanct in itself, but is only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.'... In broad terms, these policies include: `convenience of administration, capacity of the parties to bear the loss, a policy of preventing future injuries, [and] the moral blame attached to the wrongdoer....'" *Id*.

Defendant DSG posits that "Plaintiff's negligence claim is based exclusively on allegations of racial discrimination…" *See* Def. motion at p. 5. Such is not the case. While the Defendant's agent, servant, and employees unequivocally expressed racial prejudice and animus regarding their personal beliefs during their interaction with the Plaintiff, Plaintiff's claim of negligence is not based on exclusively on racial discrimination, but rather is predicated on whether Defendant's agents, servants, and employees breached the standard of care during the sale of a firearm and further failed to act in accordance with the standard of care governing retail transactions involving members of the public. Preventing racism during the course of a retail transaction falls under the auspices of the broader standards of care regarding firearm purchases, the provision of service in a retail setting, and Defendant's own store standards, policies, and procedures which Plaintiff alleges governed the sequence of events involved in the occurrence.

Plaintiff's Complaint states at Count II as follows:

22.    The duty and standard of care in these circumstances required that ***prudent, reasonable retail employees possessing that degree of skill and knowledge which is ordinarily possessed by those who devote professional time and attention to carrying out the duties of retail employees properly prevent injury, blatant racism, and***

***harm from being inflicted.*** The Defendants and their agents, servants, and employees breached this duty and standard of care in that they caused harm to the Plaintiff  given (i) ***there being no reasonable articulable suspicion or probable cause that criminal activity was afoot in the presence of the Defendants' agents, servants, or employees***, (ii) ***the Defendants' agents, servants, and employees' failure to witness the Plaintiff engage in any illegal conduct or verify any concerning background conduct which would warrant voiding the sale of a firearm to the Plaintiff***, (iii) the Defendants' agents, servants, and employees' discriminatory and racial conduct exhibited their remarks and by giving preferential treatment to White customers, (iv) ***the Defendants' malicious banning of the Plaintiff from the Defendants' property and database thereby proximately causing Plaintiff humiliation, embarrassment, inconvenience, and mental injuries without any legal basis or justification, with malice aforethought***, (v) the racist, threatening, verbal abuse of the Plaintiff, (vi) ***the otherwise unjustified refusal by the Defendants' agents, servants, and employees of the sale of a firearm to the Plaintiff, and (vii) the Defendants' agents, servants, and employees' blatant, wanton, willful and intentional disregard of store standards, policies and procedures dictating the proper sale of a firearm.*** Furthermore, Defendants, and their agents, servants, and employees by their negligent acts and omissions, showed a racist, reckless disregard for the personal integrity of the Plaintiff and the Plaintiff's race, color, creed, and national origin. These Defendants and their agents, servants, and employees had a duty to act reasonably and with prudence under like circumstances and failed to do so.

  23. These failures and breaches of the applicable duty and standard of care by these Defendants and their agents, servants, and employees constituted negligence, and proximately caused or contributed to Plaintiff's damages including, but not limited to, Plaintiff's anxiety, sleeplessness, panic, and fear, post-traumatic stress disorder, other physical, mental, and emotional manifestations of the malicious and excessive humiliation by the Defendants' agents, servants, and employees, permanent and debilitating pain and suffering, mental distress, and other economic and non-economic damages. *See* Exhibit 1 at para. 22, 23 (emphasis added).

As indicated in the emphasized language above, Plaintiff has properly alleged breaches in the standard of care which still caused the Plaintiff injury contributing to her anxiety, sleeplessness, panic, and fear, post-traumatic stress disorder, other physical, mental, and emotional manifestations of the malicious and excessive humiliation.

While Defendant cites to *Braxton v. Domino's Pizza, L.L.C.* in support of their proposition, that case is distinguishable from the instant case as that case sounded in employment discrimination and was filed by an former employee against her employer predominantly alleging violations of Title VII and also asserting various torts and a breach of contract claim

based on state law.  *See Braxton v. Domino's Pizza, L.L.C.*,Civil Action No. RDB 06-1191, 2006 U.S. Dist. LEXIS 92902 (D.Md. Dec. 21, 2006)("This employment discrimination case arises from a Complaint filed by Cynthia Braxton ("Plaintiff" or "Braxton") against Domino's Pizza LLC ("Defendant" or "Domino's Pizza")"). Additionally, in that case, the employee attempted to support her negligence claims (including negligent supervision) by relying on 42 U.S.C. §1981. That posture is not being taken in this case; Plaintiff Simon is not asserting any claims under Title VII or 42 U.S.C. §1981.

Likewise, *Bishop v. Board of Eduction* is also an employment discrimination case arising from an initially filed Charge of Discrimination with the Equal Employment Opportunity Commission wherein Judge Chasanow emphasized the case's employment law context by finding as follows:

> "Plaintiff's claims are founded on racial discrimination, which is statutorily proscribed by Title VII and Title 20. Unlike the sexual harassment claims examined in Ruffin, racial discrimination does not have a common law tort corollary. *See Braxton v. Domino's Pizza LLC,* Civ. No. RDB 06- 1191, 2006 WL 3780894, at *5 (D.Md. Dec. 21, 2006) ("there is no common law tort for discrimination on the basis of race") (citing *Montrose Christian School Corp. v. Walsh*, 363 Md. 565, 582-83 (2001))."

Given that Plaintiff's negligence claim is not based exclusively on allegations of racial discrimination, is not being pled under Title VII or 42 U.S.C. §1981, and further given that this case is distinguished in context compared to *Braxton* and *Bishop*, *supra*, Defendant's Motion shall be denied as to their attack on Count II of the Complaint.

**B.      Plaintiff's Negligent Hiring and Retention Claim Is Not Flawed**.

Defendant's Motion as to Count III discounts the premise that a claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, *supra*. The factual

content upon which Count III is based allows the court to draw the reasonable inference that

Defendant DSG failed to provide sensitivity or anti-discriminatory training to its employees.

Indeed, Plaintiff's Complaint alleges as follows:

> "9.    When it was the Plaintiff's turn to approach the counter, Lodge Manager Patty Anderson (White female) was at the register and refused to call the Plaintiff forward to the counter to provide her service. Instead, Ms. Anderson glared angrily at the Plaintiff, pointed at her and told her while snapping her fingers to "move your black ass over!" After making this exclamation, Ms. Anderson motioned to the White customer in line behind the Plaintiff and motioned for them to approach the register, greeting the White customer enthusiastically when they approached the counter. After assisting the White customer, Ms. Anderson again motioned to another White customer in line behind the Plaintiff and motioned for them to approach the register, also greeting them enthusiastically when they approached the counter. Meanwhile, during these two transactions, stood at the front of the line, bewildered, shocked, and upset that she was being ignored.
> 10.    After waiting approximately 20 minutes for the other transactions to conclude, Ms. Anderson motioned to the Plaintiff, without looking up, making eye contact, or providing any salutary or enthusiastic greeting. When Plaintiff Simon approached the counter, Ms. Anderson angrily asked Plaintiff, "Are you Arab? Are you Black?" Plaintiff responded, "I'm Arab, why does it matter?" Ms. Anderson responded, "Because your hair, it's like a black girl's hair. If you're not Black, why do you have that hairstyle[1]?"  Then, another employee, Jeff [last name unknown] (White male) immediately came over to the section of the counter where Ms. Anderson and Plaintiff Simon were standing across from one another. At that time, Plaintiff explained that she wanted to purchase a gun for home protection as well as recreational hunting. Plaintiff also said that she met all of the qualifications under Maryland State law to make the purchase." *See* Exhibit 1 at Paragraphs 9, 10.

This factual content allows the court to draw the reasonable inference that this type of interaction

between the Defendant's employee and a member of the pubic was due to the failure of

Defendant DSG's employees having any approropriate sensitivity while interacting with people

of color who were patrons of Defendant's store.

---

[1] At the time of the incident, Plaintiff adorned a braided hairstyle and her hair color was black.

Plaintiff has also also alleged a causal connection between her injuries and the Defendant's failure to properly train its employees to interact with members of the public, specifically persons of color by stating:

> "16.    As a result of Plaintiff's experience at Dick's Sporting Goods-Ellicott City, Plaintiff sought professional mental health treatment during which she was clinically diagnosed with anxiety, depression, and post traumatic stress disorder as a result of her horrid, traumatic, humiliating and racist customer service experience. Plaintiff continues to suffer from physical, mental, and emotional manifestations of her diagnoses, including but not limited to suffering from anxiety-induced grand mal seizures and weight loss." *Id.* at 16.

Plaintiff's Complaint therefore alleges all of the requisite elements for a claim of negligent hiring and retention, and also alleges that the unfitness of Defendant's employee was directly related to the way the Plaintiff was harmed, and so Defendant's Motion shall be denied in this regard.

Respectfully Submitted,

Governor E. Jackson, III /s/
Governor E. Jackson, III (Bar No. 27673)
Law Office of Governor Jackson, III LLC
400 E. Joppa Rd., Suite 50
Towson, Maryland 21286
(410) 528-5150/ (410) 528-1055 (f)
gjackson@governorjacksonlaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June, 2022, I served via CM/ECF electronic filing a copy of this Plaintiff's Opposition to Defendant's Partial Motion to Dismiss and Memorandum of Points and Authorities In Support of Plaintiff's Opposition.

Governor E. Jackson, III /s/